1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERTO CARRIEDO-ROSAS,

                            Petitioner,

          v.

NATHALIE ASHER, et al.,

                            Respondents.

CASE NO. C14-1731-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner, through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention at the Northwest Detention Center or an individualized bond hearing before an immigration judge.  *See* Dkt. 1.  He has since received a bond hearing, at which the immigration judge denied bond after finding petitioner presents a flight risk.  *See* Dkt. 9-3.  Petitioner has appealed that determination to the Board of Immigration Appeals.  Dkt. 10 at 2.

In light of the bond hearing, respondents have moved to dismiss the instant action as moot.[1]  Dkt. 9.  Petitioner agrees this action is moot.  Dkt. 10 at 2 ("Mr. Carriedo would concur

---

[1] Respondents raise additional arguments in support of dismissal, which the Court need not address.  *See* Dkt. 9.

REPORT AND RECOMMENDATION
PAGE - 1

with the government's position that the matter is now moot.").  However, he asks the Court to enter judgment in his favor and grant him attorney's fees "for having to file the action to secure his release."  *Id.*  As discussed below, the Court recommends granting respondents' motion to dismiss, denying petitioner's habeas petition as moot, denying petitioner's request for attorney's fees without prejudice as premature, and dismissing this action without prejudice.

<u>DISCUSSION</u>

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot.  *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984).  The parties do not dispute that because petitioner has been given a bond hearing, this action is moot.  *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing).  Therefore, the Court must dismiss the action without prejudice and may not enter judgment in petitioner's favor as he requests.  *See Cox*, 829 F.2d at 805 (ordering district court to vacate judgment on the merits and dismiss the proceedings as moot).

Petitioner's request for attorney's fees under the Equal Access to Justice Act[2] ("EAJA") also should be denied.  The Court has not entered final judgment, and thus petitioner's request is premature.  *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is

---

[2] Although petitioner does not specify the statutory basis for his fee request, it appears that he is requesting EAJA fees because he cites to a Ninth Circuit case involving EAJA fees.  *See* Dkt. 10 at 2 (citing *Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007)).

REPORT AND RECOMMENDATION
PAGE - 2

eligible to receive an award under this subsection . . . ."); *Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990) ("Because there has been no final judgment in this action, this [EAJA fee] request is premature.").

CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 9, be GRANTED; petitioner's habeas petition, Dkt. 1, be DENIED as moot; petitioner's request for attorney's fees, Dkt. 10, be DENIED without prejudice as premature; and this action be DISMISSED without prejudice.   A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 6, 2015**.

DATED this 18th day of February, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3